UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> **QUISQUEYA AGENCY INCORPORATED,** *et al.* <br><br> **Defendants.** | Civ. No. 13-3261 (CCC) <br><br> **OPINION** |

This matter comes before the Court on Plaintiffs' motion for default judgment and entry of a permanent injunction against Defendants, pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 17). Plaintiffs filed their complaint on May 23, 2013. (ECF No. 1). The time for Defendants to answer or otherwise respond to the complaint has expired. See Fed. R. Civ. P. 12(a). Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a Default against Defendants on August 21, 2013. (ECF No. 10). Plaintiffs served Defendants with notice of this motion and filed the instant motion for default judgment on December 20, 2013. (ECF No. 17). No opposition has been filed.

As a preliminary matter, the Court finds that Plaintiffs have stated a sufficient cause of action based upon the information set forth in their complaint. Because Defendants have failed to respond to the complaint, the factual allegations in the complaint are accepted as true. Comdyne I

1

Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Taking the facts alleged by Plaintiffs as true, the Court can presume liability in this case.

Plaintiffs' first count is for Trademark Counterfeiting pursuant to 15 U.S.C. § 1114(1)(a). To state an adequate claim under § 1114, a Plaintiff must demonstrate that: "(1) the defendant infringed a registered trademark in violation of the Lanham Act, 15 U.S.C. 1114(1)(a) and (2) the defendant intentionally used the trademark knowing it was counterfeit or was willfully blind to such use." See Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 537 (D.N.J. 1995). Both elements are clearly met here. The declarations attached to Plaintiffs' motion demonstrate that the products sold by the Defendants infringed Coach's registered marks and that the infringement was knowing and intentional. See Pl. Br. at 4.

Plaintiffs' Trademark Infringement claim, brought pursuant to 15 U.S.C. § 1114 is similarly plausible. To demonstrate infringement, a Plaintiff must show: (1) the existence of a valid and legally protected mark, (2) that Plaintiff is the owner of that mark, and (3) that the Defendant's use of the mark causes a likelihood of confusion. A&H Swimwear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000). The first two elements are satisfied by registration and ownership of the relevant trademarks. See Compl. ¶ 17. Defendants' sale of counterfeit Coach items designed to resemble authentic Coach products as detailed in the complaint and the exhibits and affidavits attached to Plaintiffs' motion satisfies the final element of the claim.

Based on the materials submitted to the Court, Plaintiffs appear to have valid causes of action. Because damages for Plaintiffs' other claims are encompassed within their statutory

2

recovery for Counts One and Two of the complaint, those causes of action need not be discussed in detail here. See Pl. Br. at 11-12.

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the complaint, the motion, and the attached exhibits merit the entry of a default judgment and a permanent injunction. First, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiffs provided significant unrefuted evidence that Defendants engaged in a pattern of conduct violating Plaintiffs' trademarks through their sale of counterfeit merchandise. Second, it is clear that Plaintiffs have been prejudiced by Defendants' failure to answer because Plaintiffs have incurred additional costs, have been unable to move forward with the case, and have been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, where, as here, Defendants have failed to respond, there is a presumption of culpability. See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper at this time.

The Lanham Act allows a plaintiff elect to recover statutory damages under 15 U.S.C. § 1117(c). Plaintiffs have elected to recover statutory damages in this case. For statutory damages under the Lanham Act, a plaintiff may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold . . . as the court considers just." 15 U.S.C. §

3

1117(c)(1). If the use of the counterfeit mark was willful, a plaintiff may instead recover up to $2,000,000 per mark per type of good. 15 U.S.C. § 1117(c)(2). The Court possesses wide discretion in determining the proper and just amount of damages.

From the evidence presented in the complaint and the declarations attached to Plaintiffs' motion, it appears that Defendants' conduct was willful. Here, Plaintiffs seek $500,000 in statutory damages, or $100,000 for each of the marks used for the two types of items sold (namely sunglasses and wallets). See Pl. Br. at 11.

In determining how to best exercise their discretion in granting statutory damages, courts have often borrowed from the factors used in considering statutory damages for copyright infringement, seeking to both deter and punish defendants while adequately compensating plaintiffs in situations where it is difficult if not impossible to determine actual damages. See Coach, Inc. v. Bags & Accessories, No. 10-2555, 2011 WL 1882403, at *6 (D.N.J. May 17, 2011). Although actual damages are nearly impossible to determine in this case, given Defendants' failure to appear, the Court must still be mindful of the fact that statutory damages are meant to substitute for actual damages. Id.

Although Plaintiffs' damages cannot be calculated with any sort of precision, the record before the Court does not support the amount of damages requested. Plaintiffs' complaint notes that when the Passaic County Sherriff's Office raided Defendants, only six specific counterfeit items were seized. Unlike much larger operations noted in the case law, Defendants' infringing activity appears to be relatively minor. However, Defendants' culpable behavior warrants a significant penalty, in order to prevent future instances of infringement and deter others who might

consider similar activity. Therefore, the Court finds the sum of $150,000, or $30,000 per mark, to be appropriate relief in this case.

In addition to damages, Plaintiffs seek both attorney fees and costs, which, as properly detailed in its motion, include $3,737 for legal fees, $277.63 for investigative costs, and $626.90 in other costs. Under the Lanham Act, fees and costs may be recovered in "exceptional" cases. Exceptional cases have been defined as those in which there is "culpable conduct." See Gordashevsky, 558 F. Supp. 2d at 539. The Court finds that such fees are properly awarded in this case, and will thus order Defendants to pay $4,641.53 in fees and costs.

Finally, Plaintiffs seek injunctive relief in the form of a permanent injunction preventing Defendants from any further infringement. To qualify for a permanent injunction, a party must demonstrate that: (1) it has suffered an irreparable injury, (2) remedies available at law such as damages are inadequate, (3) an equitable remedy is warranted based upon the balance of hardships between the parties, and (4) the public interest would not be disserved by a permanent injunction. See eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). An analysis of these four factors clearly demonstrates that Plaintiff has suffered an irreparable injury based on the likelihood of confusion, that damages are insufficient to prevent future harm, that the balance of the hardships favors granting an injunction, and that the public interest is served by the entry of a permanent injunction. Therefore, the Court will enter the requested permanent injunction.

For the reasons described herein, Plaintiffs' motion for default judgment is hereby granted. Default judgment shall be entered, and Defendants shall be ordered to pay damages in the amount of $150,000, and $4,641.53 in attorneys' fees and costs. Furthermore, the Court will permanently enjoin Defendants from any further infringement or false representations. An appropriate Order accompanies this Opinion.

DATED: July 8, 2014

/s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**